CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

**JAMES DEVON PENN**
Maryland Correctional Training Center
18800 Roxbury Road
Hagerstown, Maryland 21746

    Plaintiff

v.

**PRINCE GEORGE'S COUNTY DEPARTMENT OF CORRECTIONS**
**THE PRINCE GEORGE'S COUNTY GOVERNMENT**
County Administration Building
14742 Governor Oden Bowie Drive, Room 5121
Upper Marlboro, Maryland 20772-3050

    Defendant

    Serve: Resident Agent
    **STEPHANIE P. ANDERSON**
    County Attorney for Prince George's County
    County Administration Building
    14742 Governor Oden Bowie Drive, Room 5121
    Upper Marlboro, Maryland 20772-3050

**CORPORAL TYRON PARKER**
Prince George's County Correctional Center
13400 Dille Drive
Upper Marlboro, Maryland 20772

    Defendant

**SERGEANT JERMAINE GORDON**
Prince George's County Correctional Center
13400 Dille Drive
Upper Marlboro, Maryland 20772

    Defendant

**CORPORAL SIDNEY LAMAR**
**Prince George's County Correctional Center**
13400 Dille Drive
Upper Marlboro, Maryland 20772

**FILED**

FEB 20 2008

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGE'S COUNTY, MD.

Case No. CAL08-05530

```
Case: CAL08-05530
NEW CASE
APP FEE PLAIN         10.00
CV CLERK FEE-         80.00
MD LEGAL SERV         25.00
TOTAL                115.00
Rcvd FG11      Rcpt # 68214
PM    TLL      Blk # 3326
Feb 25, 2008           02:25 PM
```



            Defendant                              :
                                                   :
**CORPORAL DERRICK GARNETT**                       :
Prince George's County Correctional Center         :
13400 Dille Drive                                  :
Upper Marlboro, Maryland 20772                     :
                                                   :
            Defendant                              :
                                                   :

## COMPLAINT FOR DAMAGES

1. The plaintiff James Devon Penn, by and through undersigned counsel, respectfully submits the following complaint for damages.

## JURISDICTION

Jurisdiction of this matter is based on Maryland Code, §4-402, Courts and Judicial Proceedings Article, §§ 5-301 to 5-304, Courts and Judicial Proceedings Article (Local ... Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

## PARTIES

3. The plaintiff is a resident of Prince George's County who resides at 2100 Brooks Drive, Apartment 802, Forestville, Maryland 20747. At the time of the events that are the subject of this lawsuit, the plaintiff was an inmate at the Prince George's County Correctional Center, located at 13400 Dille Drive, Upper Marlboro, Maryland 20772.

4. The defendant, Prince George's County Department of Corrections is the duly constituted agency within the government of Prince George's County responsible for the incarceration and confinement of prisoners entrusted to their care and custody.

5. The defendant, Corporal Tyron Parker, is an individual employed by the Prince

2

George's County Department of Corrections and the Prince George's County Government as a Corrections Officer. Corporal Parker is an member of the Emergency Response Team of the Prince George's Department of Corrections. Corporal Parker is sued in his official and individual capacity.

6. The defendant Sergeant Jermaine Gordon is an individual employed by the Prince George's County Department of Corrections and the Prince George's County Government as a Corrections Officer. Sergeant Gordon is a member of the Emergency Response Team of the Prince George's Department of Corrections. Sergeant Gordon is sued in his individual and official capacity.

7. The defendant, Corporal Sidney Lamar, is an individual employed by the Prince George's County Department of Corrections and the Prince George's County Government as a Corrections Officer. Corporal Lamar is a member of the Emergency Response Team of the Prince George's Department of Corrections. Corporal Lamar is sued in his individual and official capacity.

8. The defendant, Corporal Derrick Garnett, is an individual employed by the Prince George's County Department of Corrections and the Prince George' County as a Corrections Officer. Corporal Garnett is sued in his individual and official capacity.

## FACTS

9. On June 8, 2007, the plaintiff was an inmate at the Prince George's County Correctional Center located in Upper Marlboro, Maryland. The Prince George's County Correctional Center is a facility used to house inmates who are pending trial and other court proceedings in the courts of Prince George's County, Maryland.

10. On that day, the plaintiff, while confined within his cell, was talking to a correctional officer on the intercom system of the cellblock.

11. The defendant, Corporal Parker became angry with the plaintiff after plaintiff made a remark about a Ms. Walker, a female correctional officer.

12. Corporal Parker then entered the plaintiff's cell and physically grabbed the plaintiff. At the same time, Corporal Parker profanely questioned the plaintiff as to why he was talking on the "microphone" and asked the plaintiff "why he disrespected him."

13. After the plaintiff responded to Corporal Parker by denying that he had disrespected him, Corporal Parker struck the plaintiff twice in the face with a closed fist. Corporal Parker then wrestled the plaintiff to the ground and sprayed the plaintiff in the face with mace. Corporal Parker then began to punch the plaintiff again while the plaintiff was on the ground. The plaintiff, while attempting to cover his face with his hands and arms, began to bleed from his face.

14. At that time, a second correctional officer on the tier, Officer Lee, who was observing the assault on the plaintiff by Corporal Parker, called for back up and assistance.

15. In response to Officer Lee's request for assistance, seven to eight additional correctional officers came to the block. All of these correctional officers were members of the Emergency Response Team of the Department of Corrections. The Emergency Response Team is part of the Special Operations Division and the Tactical Operations Section of the Department of Corrections.

16. Upon arrival at the tier, all of the members of the Emergency Response Team began to pummel and beat the plaintiff about his face and his body. The plaintiff was maced a second

4

time and then handcuffed.

17. The members of the Emergency Response Team then began to transport the plaintiff to a medical unit in the facility. While the plaintiff was being transported, the defendant, Corporal Lamar, a member of the Emergency Response Team grabbed the plaintiff by his shirt and threw the plaintiff into a wall. The plaintiff was thrown against the wall three to four times.

18. The plaintiff's head violently struck the wall. As the plaintiff was handcuffed at the time, he was unable to cushion the blow to his face. The plaintiff suffered a severe cut over his left eye and a black eye. Blood from the plaintiff's face splattered on the wall and other places within the unit.

19. After the plaintiff was thrown against the wall, he was held down by several members of the Emergency Response Team, while Corporal Parker and Sergeant McCullough repeatedly punched and kicked the plaintiff about his head and body for an extended period of time.

20. The plaintiff was taken to the Medical Unit of the Correctional Center where he received perfunctory treatment. The plaintiff was then transported to Prince George's Hospital Center where he received treatment including the placement of thirteen stitches over his eye. The plaintiff also sustained a fractured rib as a result of the assault upon him by correctional officers.

21. The plaintiff remained at the hospital until 7:00 p.m. After the plaintiff returned to the Prince George's County Correctional Center, the plaintiff was again assaulted by corrections officers, acting on the instructions of the defendant, Sergeant Gordon, over a span of twenty minutes in a court holding area. During this assault, the plaintiff's stitches opened and he began

to bleed. The plaintiff was then transported to an isolation unit in the Medical Unit of the Correctional Center where he received further medical treatment. While the plaintiff was in the medical unit, Sergeant Gordon began to manipulate the stitches over the plaintiff's eye causing the plaintiff severe pain and continued bleeding from the cut that he had previously sustained.

22. At 3:00 a.m. on the following morning of June 9, 2007, the plaintiff was assaulted a third time by Corporal Garnett, a member of the Emergency Response Team. This assault occurred when Corporal Garnett held a food tray for the plaintiff and ordered him to come get the tray. When the plaintiff attempted to obtain possession of the tray, Corporal Garnett deliberately dropped the tray in front of the isolation unit and attempted to pull the plaintiff out of the cell. When the plaintiff resisted, Corporal Garnett and Officer Nicholas grabbed the plaintiff's legs, dragged the plaintiff out of the isolation unit and began to punch and kick the plaintiff in his ribs and back.

23. Corporal Garnett radioed other members of the Emergency Response Team who rushed into the medical unit where they began to assault the plaintiff and spray him with mace.

24. The plaintiff was again escorted to the medical unit but was not treated there. The plaintiff was subsequently taken back to Isolation Cell #12 where he was assaulted for a fourth time by members of the Emergency Response Team including Corporal Garnett, Officer Nicholas, Officer Yancy, Officer Bailey and Officer Gaylor.

25. On June 19, 2007, a letter was written by counsel for the plaintiff advising the Warden of the Correctional Center, Albert J. McMurray, of the events of June 8, 2007, expressing concern for the continued physical safety of the plaintiff, requesting that all measures be taken to insure the safety of the plaintiff and to provide all medical treatment necessary.

26. On June 23, 2007, a letter was sent to counsel to the plaintiff by Warden McMurray indicating the matter had been forwarded to the Office of Professional Responsibility and Legal Affairs for a "formal and thorough investigation" and stating that the plaintiff would receive "appropriate and necessary medical treatment."

27. On July 11, 2007, a second letter was sent by counsel to the plaintiff to Warden McMurray advising the warden that the plaintiff has continued to suffer form acute soreness in his ribs. The letter further stated that after his initial treatment following the assault upon him on June 8, 2007, the plaintiff had not received any follow up treatment nor been advised of the results of the x-rays previously taken.

28. On July 19, 2007, a letter was sent by Warden McMurray to counsel to the plaintiff that the plaintiff had received medical treatment on June 22, 2007, on July 12, 2007 and was scheduled for treatment on July 19, 2007.

29. The correspondence referred to in paragraphs twenty four through twenty seven above satisfies the requirement of the Prison Reform Litigation Act that all administrative remedies be exhausted prior to the filing of a lawsuit.

## COUNT I - ASSAULT

30. The allegations of paragraphs one through twenty-nine are incorporated herein and made a part hereof and further,

31. On June 8, 2007 and June 9, 2007, and correctional officers employed by the Department of Corrections of the Prince George's County Government, and acting on behalf of the Department of Corrections of the Prince George's County Government, committed a harmful and offensive touching of the plaintiff, thereby assaulting the plaintiff. The assault of the

7

plaintiff by the correctional officers of the Prince George's County government consisted of four separate assaults of the plaintiff which occurred during June 8, 2007 and June 9, 2007.

32. On June 8, 2007 and June 9, 2007 correctional officers employed by the Department of Corrections of the Prince George's County Government and acting on behalf of the Department of Corrections of the Prince George's Government, brutally assaulted the plaintiff, without provocation by the plaintiff, and without and just cause or reason whatsoever.

33. On June 8, 2007 and June 9, 2007, the plaintiff sustained severe physical injuries as a result of the assault upon him by correctional offices employed by the Department of Corrections of the Prince George's County Government and acting on behalf of the Prince George's County Government.

34. On June 8, 2007 and June 9, 2007, the plaintiff sustained severe emotional distress as a result of the assault upon him by correctional offices employed by the Department of Corrections of the Prince George's County Government and acting on behalf of the Prince George's County Government.

## COUNT II - BATTERY

35. The allegations of paragraphs one through thirty-four are incorporated herein and made a part hereof, and further,

36. On June 8, 2007 and June 9, 2007, and correctional officers employed by the Department of Corrections of the Prince George's County Government, and acting on behalf of the Department of Corrections of the Prince George's County Government, brutally attacked the plaintiff and thereby committed a battery upon the plaintiff. The battery of the plaintiff by the correctional officers of the Prince George's County government consisted of four separate

physical attacks of the plaintiff which occurred on June 8, 2007 and June 9, 2007.

37. On June 8, 2007 and June 9, 2007 correctional officers employed by the Department of Corrections of the Prince George's County Government and acting on behalf of the Department of Corrections of the Prince George's Government, brutally battered the plaintiff, without provocation by the plaintiff, and without and just cause or reason whatsoever.

38. On June 8, 2007 and June 9, 2007, the plaintiff sustained severe physical injuries as a result of the battery upon him by correctional officers employed by the Department of Corrections of the Prince George's County Government and acting on behalf of the Prince George's County Government.

39. On June 8, 2007 and June 9, 2007, the plaintiff sustained severe emotional distress as a result of the battery upon him by correctional officers employed by the Department of Corrections of the Prince George's County Government and acting on behalf of the Prince George's County Government.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. The allegations of paragraphs one through thirty-nine are incorporated herein and made a part hereof, and further,

41. The conduct of correctional officers employed by the Department of Corrections of the Prince George's County Government, acting on behalf of the Prince George's County Government when correctional officers assaulted and battered the plaintiff were both intentional and reckless.

42. The conduct of correctional officer employed by the Department of Corrections of the Prince George's County Government, acting on behalf of the Prince George's County

Government when correctional officers assaulted and battered the plaintiff were extreme, outrageous and shocking to the conscience.

43. Accordingly, the actions of correctional officers who assaulted and battered the plaintiff on four separate occasions constituted intentional infliction of emotional distress.

44. As a result of the wrongful, intentional, reckless, extreme and outrageous conduct of correctional officers employed by the Department of Corrections acting on behalf of the Prince George's County Government, the plaintiff suffered severe emotional distress.

## COUNT IV - VIOLATIONS OF FIFTH AND FOURTEENTH AMENDMENTS

45. The allegations of paragraphs one through forty-four are incorporated herein and made a part hereof, and further,

46. The plaintiff is a citizen of the United States and is therefore entitled to the protections of the Fifth And Fourteenth Amendments to the United States Constitution.

46. The Fifth and Fourteenth Amendments to the United States Constitution protect all citizens of the United States against the arbitrary exercise of government authority and power.

47. The actions of correctional officers who assaulted, battered and intentionally inflicted emotional distress upon the plaintiff constitute governmental actions without any reasonable justification in the service of a legitimate governmental objective and were therefore an arbitrary exercise of government authority and power.

48. The arbitrary conduct of correctional officers on behalf of the defendant, the Department of Corrections of Prince George's County, violated the plaintiff's Fifth and Fourteenth Amendment rights.

## COUNT V - VIOLATION OF EIGHTH AMENDMENT

49. The allegations of paragraphs one through forty-eight are incorporated herein and made a part hereof, and further, .

50. The plaintiff is a citizen of the United States and is therefore entitled to the protection of the Eight's Amendment of the United States Constitution's prohibition of cruel and unusual punishment.

51. The actions of correctional officers, employed by the defendant and acting on behalf of the defendant, in assaulting the plaintiff without just cause on June 8, 2007 and June 9, 2007 while the plaintiff was an inmate at the Prince George's County Correctional Center constitute cruel and unusual punishment of the plaintiff in violation of the Eight Amendment of the United States Constitution.

## COUNT VI - VICARIOUS LIABILITY

52. The allegations of paragraphs one through fifty one are incorporated herein and made a part hereof, and further,

53. The actions of the correctional officers in assaulting the plaintiff, committing a battery upon the plaintiff, intentionally inflicting emotional distress upon the plaintiff and violating the Fifth, Eighth and Fourteenth Amendment rights of the plaintiff were committed by employees of the Department of Corrections of the Prince George's County Government acting on behalf of the Department of Corrections of the Prince George's County Government.

54. The actions of the correctional officers in assaulting the plaintiff, committing a battery upon the plaintiff, intentionally inflicting emotional distress upon the plaintiff and violating the Fifth, Eighth and Fourteenth Amendment rights of the plaintiff were committed by

11

employees of the Department of Corrections of the Prince George's County Government acting within the scope of their employment with the Department of Corrections of the Prince George's County Government.

55. The Prince George's County Government is vicariously liable for the assault, battery, intentional infliction of emotional distress upon the plaintiff and violation of the plaintiff's Fifth, Eighth and Fourteenth Amendment rights committed by correctional officers of the Department of Corrections of the Prince George's County Government.

56. The Prince George's County Government is vicariously liable for the damages to the plaintiff caused by the assault, battery, intentional infliction of emotional distress and violation of the plaintiff's Fifth, Eighth and Fourteenth Amendment rights committed by correctional officers of the Department of Corrections of the Prince George's County Government.

## COUNT VII - PUNITIVE DAMAGES

57. The allegations of paragraphs one through fifty-six are incorporated herein and made a part hereof, and further,

58. The assault and battery of the plaintiff, intentional infliction of emotional distress and violation of the plaintiff's Fifth, Eighth and Fourteenth Amendment rights was committed by correctional officers, employed by the defendant, with actual malice.

59. The assault and battery of the plaintiff, intentional infliction of emotional distress and violation of the plaintiff's Fifth, Eighth and Fourteenth Amendment rights was committed by correctional officers employed by the defendant with an intent to injure the plaintiff and therefore with an evil motive.

60. The assault and battery of the plaintiff committed by correctional officers employed

by the defendant was committed with the deliberate intent to injure the plaintiff and therefore warrants the imposition of punitive damages.

WHEREFORE, the premises considered, the plaintiff prays for the following.

A. An award of compensatory damages against the defendant Prince George's County Government in the amount of $500,000.00.

B. An award of compensatory damages against defendant Corporal Tyron Parker in the amount of $500,000.00.

C. An award of punitive damages against defendant Corporal Tyron Parker in the amount of $250,000.00

D. An award of compensatory damages against defendant Sergeant Jermaine Gordon in the amount of $500,000.00.

E. An award of punitive damages against defendant Sergeant Jermaine Gordon in the amount of $250,000.00.

F. An award of compensatory damages against defendant Corporal Sidney Lamar in the amount of $500,000.00.

G. An award of punitive damages against defendant Corporal Sidney Lamar in the amount of $250,000.00.

H. An award of compensatory damages against defendant Corporal Derrick Garnett in the amount of $300,000.00.

I. An award of punitive damages against defendant Corporal Derrick Garnett in the amount of $150,000.00.

J. Plaintiff's reasonable and necessary attorney fees pursuant to 42 U.S.C. § 1988

13

including costs of this action.

    K. For such other and further relief as justice may require.


Respectfully submitted,

*[signature]*

Peter N. Mann, Esquire
514 Tenth Street, N.W.
Ninth Floor
Washington, D.C. 20004
(202) 387-3547 (phone)
(202) 639-0458 (facsimile)
*Counsel for James Devon Penn*